AO 91 (Rev. 11/11) Criminal Complaint

C&W No. 17-081

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) |
| v. | ) |
| | ) Case No. 17-1175-M |
| ROGER WALLACH | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __see attached affidavit__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | Manufacture/Attempted Manufacture of Child Pornography |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

See Attachment A.

This criminal complaint is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

_Complainant's signature_

James Zajac, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/29/2017

_Judge's signature_

City and state: Philadelphia, PA

THOMAS J. RUETER, U.S.M.J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, James J. Zajac, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Philadelphia Division, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI for 11 years, and am currently assigned to the Philadelphia Division's Violent Crimes Against Children Squad. While employed by the FBI, I have investigated federal criminal violations related to identity theft, Internet fraud, computer intrusions, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI Academy, training at the Innocent Images Unit of the FBI, various conferences involving Innocent Images and Crimes Against Children, and everyday work related to conducting these types of investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. The statements in this Affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that ROGER WALLACH, date of birth ~~October 14, 1970~~, committed violations of Title 18 U.S.C. Sections 2251 and 2252 which makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or attempts to do so, and to possess visual depictions of minors engaging in sexually explicit conduct, and any attempts to do so.

1

## LEGAL AUTHORITY

4. Title 18 U.S.C. § 2251(a) and (e) prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or attempting to do so.

5. Title 18 U.S.C. § 2252(a) prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, possessing, or accessing with intent to view any visual depiction of minors engaging in sexually explicit conduct, or produced using a minor engaged in such conduct, when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce, or in or affecting interstate commerce, by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce, or attempts to do so.

## INVESTIGATIVE RESULTS

6. On August 17, 2017 a female complainant was having dinner with her live in boyfriend, ROGER WALLACH, whom she has been dating for approximately seven months. They share the residence with the complainant's 10 and 11-year old daughters, who WALLACH is not the father of. On this date WALLACH also had visitation with his two-month old infant son. The complainant told WALLACH to give his son a bath and he left the room. The complainant then started to use WALLACH's smart phone, a Samsung model N920G with IMEI number 352837072890774.

7. While looking at the smart phone she came across deleted videos. When she opened them and viewed them they were recordings of her minor daughters nude in the bathroom and

showering. The complainant stated WALLACH could be seen in the videos setting up the smart phone to record and then walking out of the bathroom. The complainant stated her minor daughters were nude in the videos and she could clearly identify them in the videos. The date stamps of the videos showed they were recorded in August 2017.

8. The complainant confronted WALLACH who started to cry and said he was sorry. The complainant contacted the Philadelphia Police Department and WALLACH told the responding officer that he made these recordings of the minors nude in the shower and he needs to be arrested. WALLACH was arrested and transported to Philadelphia Police Department Special Victims Unit.

9. WALLACH was provided his Miranda Rights, which he waived, and provided two video recorded statements to Philadelphia Detectives, each one after waiving his Miranda Rights. He stated he recorded his girlfriend's 10 and 11-year old daughters while they were nude in the bathroom getting ready to shower. He setup his phone and started the recording. He did not hide the phone, but the minor girls did not know they were being recorded. He recorded approximately five videos of the minors nude in the bathroom starting approximately one month ago. He claimed not to have viewed these videos, but admitted that the intended purpose of the videos was to masturbate to them. He stated he is attracted to minors 10 years old and older and has had these feelings for as long as he can remember. He stated he has not transferred these videos onto any other devices and has not shared them with anyone else, although he does use other computers and tablet computers at the residence. He stated he deleted the videos but Samsung backs them up to the cloud.

10. On August 18, 2017 the complainant's daughters were interviewed at Philadelphia Children's Alliance. They both denied being physically touched by WALLACH in a sexual manner, but the 11-year old daughter stated WALLACH asks to use the bathroom before she would shower.

3

11. WALLACH's Samsung model N920G smart phone with IMEI number 352837072890774 was seized at the time of his arrest. On August 18, 2017 Philadelphia Police Department Detectives obtained a search warrant for WALLACH's residence and seized the following electronic items: (1) Dell Inspiron model 3459 All In One desktop computer with serial number 1Q4H922; (2) Dell Latitude D530 laptop computer with serial number HH1LKF1; (3) Dell Latitude model P15G laptop computer with serial number 5ZMK4R1; and (4) Apple iPad model A1458 tablet computer with serial number DMPNC5Y8F182l.

12. On August 23, 2017 your Affiant applied for and obtained a federal search warrant to search the electronic items listed above in paragraph 11, authorized by United States Magistrate Judge Carol Sandra Moore Wells, Eastern District of Pennsylvania (PA). After obtaining the federal search warrant, your Affiant conducted a preliminary review of WALLACH's Samsung model N920G smart phone with IMEI number 352837072890774. Located in the Gallery application were multiple videos that appear to be recordings in a bathroom and a bedroom in August 2017, as described by the complainant to Philadelphia Detectives. A thumbnail picture showing the first frame of the videos is what appears in the Gallery, but when the videos are attempted to be played, they will not play and gives an error stating, "The network is not available." There is also a picture of a cloud icon on each video. When the details are viewed for each video, which provides information such as the date and time the videos were saved, the filenames of the videos, and where they are stored on the device, each video's storage location lists a folder named "Samsung Cloud." These are all indications that the actual videos are not saved directly on the device, but are saved remotely in a cloud storage account.

13. On August 25, 2017 Affiant conducted a preliminary review of the Dell Inspiron model 3459 All In One desktop computer with serial number 1Q4H922. Located on this computer are

4

two videos recorded on July 17, 2017 that depict two minor females nude in the same bathroom as depicted in the videos located on WALLACH's Samsung smart phone. The first video depicts the recording device being placed in the bathroom and then the minor females entering the bathroom. The recording device is then covered by clothing or a towel, and when that is eventually removed the minors are depicted as they get out of the shower. The girls are nude. The video also captured them as they dressed and then left the bathroom. The second video began where the first video stopped. An adult male is seen entering the bathroom and retrieving the recording device. He is wearing a dark colored pair of flannel pants with white skulls and red sticks on them. He removed the recording device from the bathroom and can be heard speaking to other people in the house. The video then stopped.

14. On August 25, 2017 Affiant spoke with the original complainant at her residence where WALLACH was arrested and these videos were recorded. Your Affiant viewed the bathroom and master bedroom of the residence which match the recorded videos. The complainant showed your Affiant where the Dell Inspiron model 3459 All In One desktop computer with serial number 1Q4H922 was setup in the master bedroom. This Dell computer has a built in webcam on the front of its screen which was pointing in the direction of where the one video of the minor girls was recorded in the master bedroom in August 2017.

15. The complainant also advised that WALLACH has the same pair of pants the adult male was wearing in the videos recorded on July 17, 2017, and showed them to your Affiant.

## CONCLUSION

16. Based upon the information above, I respectfully submit there is probable cause to believe that ROGER WALLACH, date of birth ~~October 2u 1979~~, did employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any

5

visual depiction of such conduct, or attempted to do so, in violation of 18 U.S.C. § 2251, and did possess visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), as more fully set forth in Attachment A.

20. Therefore, I respectfully request that the attached warrant be issued authorizing the arrest of ROGER WALLACH, date of birth October 1, 1979.

_____
JAMES J. ZAJAC
Special Agent, Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 29 DAY
OF AUGUST, 2017

_____
HONORABLE THOMAS J. RUETER
United States Magistrate Judge

6

## ATTACHMENT A

### Count One –Manufacture/Attempted Manufacture of Child Pornography – 18 U.S.C. Section 2251

On or about July 17, 2017, in the Eastern District of Pennsylvania, defendant ROGER WALLACH did knowingly employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and did attempt to do so, and the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

### Count Two – Possession of Child Pornography – 18 U.S.C. Section 2252(a)(4)(B)

On or about August 17, 2017, in the Eastern District of Pennsylvania, defendant ROGER WALLACH did knowingly possess approximately two videos, which contained visual depictions that had been produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce. The production of these visual depictions involved the use of minors engaging in sexually explicit conduct and the visual depictions were of minors engaging in sexually explicit conduct.